IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30030-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| RICHARD ARTHUR GUISASOLA, | ) | |
| | ) | |
| Appellant. | ) | |

KORSMO, C.J. — Richard Guisasola appeals his conviction for unlawful

possession of a firearm in the second degree,[1] arguing that the officer lacked articulable

suspicion to stop him for hunting from the road. We affirm.

FACTS

On October 25, 2009, Washington State Fish and Wildlife Officer Troy

McCormick stopped a truck driven by Mr. Guisasola on suspicion of road hunting—

hunting from inside a motor vehicle. It was the last day of deer hunting season and the

officer was patrolling for hunters along U.S. Forest Service Road 30 near Crawfish Lake.

---

[1] RCW 9.41.040(2)(a)(i).

The officer observed a truck approaching at a slow rate of speed (between 0-7 m.p.h.), almost stopping at times, despite the 35 m.p.h. speed limit. In Officer McCormick's experience, this activity in that part of the forest during hunting season often indicated road hunting. He then stopped the truck to ensure that the driver, Mr. Guisasola, and his passenger were not road hunting and to check their hunting licenses.

Mr. Guisasola and his passenger confirmed that they were rifle hunting for deer, and were not engaged in illegal road hunting. Because they had valid hunting licenses the officer sent them on their way. Officer McCormick then reported the stop to dispatch, which reported back that both men had prior felony convictions and could not legally own or possess a firearm. The officer caught back up with the truck and arrested both men without incident.

Following the arrest, Mr. Guisasola was charged with one count of unlawful possession of a firearm in the second degree. He moved to suppress the evidence of his possession of a firearm, arguing that the initial stop of the vehicle was illegal. The trial court denied the motion and the parties proceeded to a stipulated facts bench trial. The trial court found Mr. Guisasola guilty, and he timely appealed.

## ANALYSIS

The only issue on appeal is whether Officer McCormick had "articulable facts" to support the initial stop of Mr. Guisasola's truck. Under RCW 77.15.080(1), Fish and Wildlife officers with "articulable facts" that a person is engaged in hunting activities can

temporarily stop the person and check for compliance with hunting laws. The statute does not define "articulable facts," but case law has defined it as analogous to the "articulable suspicion" standard used under the state and federal constitutions. *Schlegel v. Dep't of Licensing*, 137 Wn. App. 364, 369, 153 P.3d 244 (2007). "Articulable suspicion" means a "substantial possibility that criminal conduct has occurred or is about to occur." *State v. Kennedy*, 107 Wn.2d 1, 6, 726 P.2d 445 (1986). In the context of RCW 77.15.080, "articulable facts" means a substantial possibility that the person is engaged in hunting activities. *Schlegel*, 137 Wn. App. at 369.

Mr. Guisasola argues that the facts of the present case are not similar enough to *Schlegel* to support the court's determination that "articulable facts" existed to justify the stop. His argument erroneously assumes that *Schlegel*'s unique facts are the end-all standard for establishing "articulable facts." In *Schlegel*, this court held that a Fish and Wildlife officer had "articulable facts" under RCW 77.15.080(1) because the defendant was driving a hunting style vehicle in a hunting area during hunting season while wearing hunting type clothes. *Schlegel*, 137 Wn. App. at 370. But, *Schlegel* did not hold that all stops had to be supported by these same facts; it only held that the facts must give rise to a substantial possibility that the person stopped is engaged in hunting activities. *Id.*

Here, Officer McCormick saw a truck travelling along a two-lane gravel road on the last day of hunting season in a forested area often used for hunting. Mr. Guisasola suggests that he could have just as likely been a hiker, camper, or bird watcher because

3

that area was often used for those activities as well. However, he was not travelling along the road like a person looking to pull off and hike or camp. He was trolling along a 35 m.p.h. road, slowing, speeding up, and then slowing again while never getting above a slow crawl. In the officer's experience, this driving behavior in this location was indicative of road hunting. These "articulable facts" of hunting activities supported a temporary stop under RCW 77.15.080(1). While the officer might have had reasonable doubts about Mr. Guisasola's intentions, RCW 77.15.080 does not require the officer to dismiss all reasonable doubts before stopping possible hunters. All that the statute requires is a substantial *possibility* that the person is engaged in hunting activities. These facts satisfied that standard. The trial court correctly denied the motion to suppress.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, C.J.

WE CONCUR:

_____          _____
Kulik, J.                                                          Siddoway, J.

4